IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA          :

                                        :

      v.                           :     Criminal No. DKC 13-0282-3

                                        :

ANDRE LYONS                       :

**MEMORANDUM OPINION**

Andre Lyons was convicted of conspiracy to distribute and possess with intent to distribute controlled substances and possession of a firearm in furtherance of a drug trafficking crime. He was sentenced on July 28, 2016, to 84 months imprisonment (consisting of 24 months on count 1 and a consecutive 60 months on count 2) followed by five (5) years supervised release. (ECF No. 312). He began his term of supervised release on July 16, 2019.

Mr. Lyons submitted a request for early termination of supervised release dated December 13, 2020. (ECF No. 352). In support of his request, he states that he has maintained a stable residence and employment and is the primary caregiver for his aging mother. He reports that he began working the day after he was released and has now been promoted to a supervisory position with his employer. However, he is unable to report to certain government job sites because individuals on active supervision are prohibited. Additionally, there are specialists in Pennsylvania that offer additional medical treatment options that he and his

mother would like to consider and early termination of his supervised release would remove the added stress of securing permission prior to out-of-state travel.

Mr. Lyons' supervising probation officer, Michelle Singletary, informally reports that he has complied with the terms and conditions of supervision and reported as instructed. Given his stable employment, there has been no need for any vocational/education training and his special assessment is paid in full. Further, she reports that once he was released to the community, he focused his efforts on employment and his mother's health and has maintained both. As such, she notes that "Mr. Lyons presents as a good candidate for early termination consideration."

The government opposes early termination, arguing that Mr. Lyons is not yet halfway through the imposed term of supervised release and, not only was his crime significant, but he also has a history of trafficking controlled substances with possession of a firearm and was on supervised release when he was charged in the instant case. (ECF No. 353).

Pursuant to 18 U.S.C. § 3583(e), the court may, after considering enumerated factors, "terminate a term of supervised release and discharge the defendant at any time after the expiration of one year of supervised release, . . . if it is

satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.]"  To grant relief, the court "must conclude that the early termination of supervised release is warranted both by the individual's conduct and also by the interest of justice." *United States v. Pregent*, 190 F.3d 279, 283 (4th Cir. 1999).  The District of Maryland Early Termination Policy normally requires that persons serve half of their period of supervision before being considered for early termination, although those supervised as "low risk" must have completed at least one year on supervision (six months if only a one-year term) prior to being considered for early termination.  Mr. Lyons' level of supervision isn't specified.

The goals of supervised release are many but is intended primarily to support a defendant's transition into the community after the service of a prison term or provide rehabilitation and supervision after release.  Supervising Probation Officer Michelle Singletary reports that upon release, Mr. Lyons was referred to the Family Health Center for a substance abuse assessment and no treatment was recommended.  Subsequently, he has submitted to random drug testing and all results have been negative.  It does appear that Mr. Lyons' transition is going very well and there is no reason for continued supervision.  Allocation of scarce

resources counsels in favor of terminating supervision in cases, such as this one, where services and oversight are no longer needed.

Accordingly, the court concludes, based on the interest of justice and Mr. Lyons' conduct since the time of his release, that early termination of supervised release is warranted.  A separate Order will be entered.


December 30, 2020                        /s/
                                 DEBORAH K. CHASANOW
                                 United States District Judge